**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LEGACY BLOCK, INC., RASTRA, INC.
and RUSSELL FERRY,

      Plaintiffs,

v.                                                      Case No: 6:18-cv-1727-Orl-40GJK

KARL HOLIK and ETERNA BUILDING
SYSTEMS, INC.,

      Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on Plaintiffs' Motion for Temporary Restraining Order ("**TRO**") and Preliminary Injunction (Doc. 10 (the "**Motion**")), filed February 4, 2018. Having reviewed the Complaint, Motion and attachments thereto, Russell Ferry's sworn declaration, and the relevant caselaw, the Court makes the following findings of fact and conclusions of law:

1. Plaintiff, Rastra, has the exclusive right to manufacture and sell the Rastra building system throughout the world, and the right to the use of the RASTRA trademark pursuant to the Contribution & Consulting Agreement ("Purchase Agreement") executed between the Plaintiffs and Defendants, KARL HOLIK, an individual ("Holik"), ETERNA BUILDING SYSTEMS, INC. ("Eterna) (collectively herein as "Defendants").

2. After the Purchase Agreement was executed, Defendants began to interfere with Legacy Block, Inc. and Rastra's business operations. Holik began contacting Rastra's customers via emails by using the customer

contact information Holik collected from illegal seizure of the information service request section of Rastra.com and Rastra's personal emails as well as corporate files.

3. There is a substantial probability of Plaintiffs' success on the merits.

4. Plaintiffs would suffer irreparable injury in the absence of a TRO. *See Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

5. The harm to Plaintiffs in the absence of an injunction would exceed the harm to Defendants if the TRO is issued.

6. The TRO will not disserve the public interest.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for a Temporary Restraining Order is **GRANTED**.

2. Defendant, Holik, is required as the Registrant, Registry and/or Host of Rastra.com to remove the hardcoded popup from the Rastra.com website.

3. Defendants are enjoined from contacting and attempting to divert Plaintiffs' customers to Defendants.

4. A bond is not necessary under the circumstances of this case.

5. Because Defendants have not been served, this Order shall take effect upon proper service on Defendants.

6. Defendant shall certify in writing within ten (10) days of service of this Order that it has fully complied with the terms herein.

7. This Order shall expire fourteen (14) days after service unless extended by the Court for good cause or the mutual consent of the parties.

8. The Court will **TAKE UNDER ADVISEMENT** Plaintiffs' Motion for a Preliminary Injunction (Doc. 10).

    a. Plaintiffs are **DIRECTED** to immediately serve on Defendants: (1) copies of the Complaint and its exhibits; (2) a copy of the TRO Motion; and (3) a copy of this Order. Plaintiffs are further **DIRECTED** to file proof of service immediately after effecting proper service.

    b. Five (5) business days after Defendants are served, Defendants may file one consolidated response to the Motion and include any opposing declarations or affidavits. *See* Local Rules 3.01(b), 3.01(f), & 4.06(b)(3).

    c. Three (3) business days after Defendants respond, Plaintiffs may file a reply to Defendants' response. Plaintiffs' reply shall be directed only to Defendants' response; shall not include any new issues, rebuttal affidavits, or other evidence in support; and shall not exceed five (5) pages.

9. The Court will schedule a hearing of this matter after Defendants have been properly served.

**DONE AND ORDERED** in Orlando, Florida on December 7, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3